IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT RUNDEL                                                                           PLAINTIFF

v.                                          3:24-cv-00062-DPM-JJV

TURN KEY MEDICAL; and
BAILEY CROCKER, Former Head Nurse                                          DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Robert Rundel ("Plaintiff") is a pretrial detainee in the Greene County Detention Facility.  In April 2024, he filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging he received constitutionally inadequate medical care after he fell from a top bunk and fractured his heel. (Doc. 2.)  As Defendants, he named former head nurse Bailey Crocker, in her official and individual capacities, and Turn Key Medical.

On April 10, 2024, I entered an Order explaining why the Complaint failed to plead a plausible claim for relief.  (Doc. 3.)  I then gave Plaintiff the opportunity to file an Amended Complaint curing the pleading deficiencies and warned him this case could be dismissed without prejudice if he did not do so within thirty days.  The time to file an Amended Complaint has

expired.  Therefore, after careful consideration, I recommend the Complaint be dismissed for the following reasons.[1]

First, there is no vicarious liability in a § 1983 action.  *Iqbal*, 556 U.S. at 676 (2009); *St. v. Leyshock*, 41 F.4th 987, 989 (8th Cir. 2022).  This means a corporation, such as Turn Key Medical, cannot be held liable in a § 1983 action merely because its' employees committed a constitutional violation.  *De Rossitte v. Correct Care Sols., LLC.,* 22 F.4th 796, 804 (8th Cir. 2022).  Instead, a corporation can only be held liable, in a § 1983 action, if "there is a policy, custom or action by those who represent official policy that inflicts [an] injury actionable under § 1983." *Id.*  Because Plaintiff has not pled any such facts, he has not stated a plausible claim against Defendant Turn Key Medical.  And for the same reason, he has not pled a plausible claim against Defendant Crocker in her official capacity.  *See Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (official capacity claim must be treated as a c against the county itself); *Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023) (county can only be held liable in a § 1983 action if a policy, custom, or deliberately inadequate failure to train caused a constitutional violation).

Second, to plead a plausible inadequate medical care claim against Defendant Crocker, in her individual capacity, there must be facts suggesting: (1) Plaintiff had an objectively serious need for medical care; and (2) Defendant Crocker, subjectively knew of, but deliberately disregarded, that serious medical need.  *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018).  The Complaint falls short on the second element because Plaintiff has not provided any facts explaining how Nurse Crocker subjectively knew of but

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

deliberately disregarded his need for medical care. *See Shipp*, 9 F.4th at 703 (to establish deliberate indifference, there must be facts suggesting the defendant "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk"). And the contention that Defendant Crocker may have been the "head nurse" over the unnamed "medical department" employees who denied him medical care is insufficient to state a plausible individual capacity claim against her. *See Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that;

1.     The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.     The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE